CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
1/5/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:25-cr-00032-001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ZAMAR TARA MCPHERSON, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

On July 22, 2025, Defendant Zamar Tara McPherson was indicted, along with two others, on various counts alleging bank and wire fraud. Specifically, McPherson and her co-defendants are accused of executing an elaborate "business email compromise scam." (Indictment ¶ 9 [ECF No. 36].) According to an affidavit filed by Joseph Jarvis, a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, in support of the criminal complaint, McPherson and others utilized fraudulent email addresses and directed unsuspecting victims to make large wire payments to personal business accounts. For example, after apparently intercepting email communications between Old Bridge Township, New Jersey, and Middlesex County, New Jersey employees regarding tax payments, the government alleges that McPherson and others directed Old Bridge Township to make the relevant tax payments to *their* personal accounts, including an account registered to ART BY ZAMAR, LLC, a business account McPherson opened in Florida. (*See* Aff. of Joseph Jarvis ¶¶ 17–25, 182–83.) The defendants are accused of executing similar scams across the country, including targeting victims in New Jersey, New York, Minnesota, Utah, and Florida. (Indictment ¶ 1.)

But McPherson contends that the Indictment does not sufficiently allege that any of her conduct occurred in the Western District of Virginia. To wit, she is a Florida resident and there is no allegation that she ever visited Virginia or otherwise conducted, counseled, or directed fraudulent activities here. Accordingly, she has moved to dismiss the Indictment against her based on improper venue. Although the Indictment offers little in the way to *establishing* venue, it does the bare minimum to survive McPherson's present challenge by *alleging* venue. Accordingly, her motion to dismiss will be denied.

### I.     BACKGROUND AND RELEVANT FACTS

McPherson and two others[1] were indicted on July 22, 2025, with one count of conspiracy to commit bank fraud (Count One), ten counts of wire fraud (Counts Two through Eleven), and one count of bank fraud (Count Twelve). (*See generally* Indictment.) As is relevant here, Count One charges that the defendants, "in the Western District of Virginia and elsewhere, . . . knowingly conspired with each other and other persons . . . to . . . devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises . . . by means of wire communication in interstate and foreign commerce" in violation of 18 U.S.C. § 1344. (*Id.* ¶ 27.) Counts Two through Eleven charge that the defendants, "in the Western District of Virginia and elsewhere, . . . devised and intended to devise a scheme and artifice to defraud and to obtain money and property by false pretenses . . . by means of wire communication in interstate and foreign commerce," in violation of 18 U.S.C. §§ 2(a) & 1343. (*Id.* ¶¶ 31, 33.) And Count Twelve charges

---

[1] A third individual, who was named in the affidavit in support of the criminal complaint, was indicted separately. *See United States v. Shelton*, No. 1:25-cr-00031 (W.D. Va. Mar. 3, 2025).

that the defendants, "in the Western District of Virginia and elsewhere, . . . knowingly executed a scheme and artifice to obtain money and funds owned by and under the control and custody of . . . a financial institution . . . by means of false and fraudulent pretenses, representations, and promises," in violation of 18 U.S.C. §§ 2 and 1344. (*Id.* ¶ 2, 4.)[2]

After her arrest (in Florida), McPherson filed a motion to dismiss the Indictment, arguing that, while "[t]he Indictment and the Affidavit [from Special Agent Jarvis] assert seemingly detailed information about the charges[,] . . . a careful review of these pleadings reveals that Counts One through Twelve of the Indictment must be dismissed due to improper venue . . . ." (Br. in Supp. of Mot. to Dismiss at 2 [ECF No. 53].) McPherson argues that the Indictment does not establish venue in the Western District of Virginia for any of the charged offenses. *See* U.S. Const. art. III, § 2 ("The Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed . . . ."); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed . . . .") Specifically, she contends that "the Indictment fails to allege any facts demonstrating that any conduct by [her] occurred in this District, or that [she] had knowledge of or participation in any acts occurring here relating to the specific transactions at issue . . . ." (Br. in Supp. at 8.) The government filed a brief in opposition and, despite having the opportunity to do so, McPherson did not file a reply. (*See* Pretrial Order ¶ 6, Aug. 26, 2025 [ECF No. 46].) Accordingly, her motion is ripe for disposition.

---

[2] In what is likely a formatting or scrivener's error, the Indictment progresses through paragraph 33, but restarts at paragraph 1 with Count Twelve, and again at paragraph 1 for the notice of forfeiture.

- 3 -

## II.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b) requires that a challenge to a "defect in instituting the prosecution, including . . . improper venue," "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits . . . ." Fed. R. Crim. P. 12(b)(3)(A)(i); *see also United States v. Engle*, 676 F.3d 405, 412–13 (4th Cir. 2012) ("Venue is 'ordinarily decided by the jury,' but a defendant must challenge venue before trial if the asserted venue defect is apparent on the face of the indictment." (quoting *United States v. Acosta-Gallardo*, 656 F.3d 1109, 1118 (10th Cir.), *cert. denied* 565 U.S. 994 (2011), and citing *United States v. Collins*, 372 F.3d 629, 633 (4th Cir. 2004))). "When deciding a pretrial motion to dismiss an indictment for improper venue, the district court assesses only whether the allegations of the indictment, if true, would suffice to establish venue." *United States v. Powers*, 40 F.4th 129, 134 (4th Cir. 2022). The court may not consider evidence beyond the indictment, *id.*, and "[p]retrial motions challenging venue cannot rest on factual determinations," *United States v. Jones*, No. 7:16-cr-30026, 2017 WL 2670759, at *3 (W.D. Va. June 20, 2017).

## III.  DISCUSSION

"The Constitution entitles a criminal defendant in federal court to be tried in the State and district where the alleged crime was committed." *Powers*, 40 F.th at 134 (citing U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI). The Federal Rules of Criminal Procedure codify these protections: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18; *see also* 18 U.S.C. § 3232 (codifying Fed. R. Crim. P. 18).

"Locating the scene of the crime sounds straightforward, and in many cases it is. But for some offenses, determining where the crime was committed for venue purposes can be complicated." *Powers*, 40 F.4th at 134. "[V]enue is limited to the place where the *essential conduct elements* [of an offense] occur, without regard to the place where other essential elements of the crime occur . . . ." *United States v. Bowens*, 224 F.3d 302, 309 (4th Cir. 2000) (citing *United States v. Cabrales*, 524 U.S. 1 (1998), and *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999)). For "continuing offenses" like wire fraud, the offense "may be prosecuted anywhere the offense 'was begun, continued, or completed,' including 'any district from, through, or into which' the . . . wire moved." *Powers*, 40 F.4th at 134 (quoting 18 U.S.C. § 3237(a)). In fact, for some crimes (including wire fraud), there may be "more than one appropriate venue, or even a venue in which the defendant never set foot." *Bowens*, 224 F.3d at 309 (citing 18 U.S.C. § 3237(a) and *Hyde v. United States*, 225 U.S. 347 (1912)). "In any event, the district 'where the criminal act is done . . . determines the jurisdiction' where the case must be tried." *Id.* (quoting *United States v. Anderson*, 328 U.S. 699, 705 (1946)). For fraud offenses, "venue will not lie everywhere the fraudster schemed, but venue is proper in any district associated with misuse of the . . . wires in furtherance of the scheme or 'any acts that cause such misuse.'" *Powers*, 40 F.4th at 135 (quoting *United States v. Jefferson*, 674 F.3d 332, 366 (4th Cir. 2012)).

McPherson makes an impassioned—and very likely completely correct[3]—argument about what the government will have to prove at trial to establish venue. *See Engle*, 676 F.3d at 412 (noting that, while venue "is not a substantive element of a crime," the government

---

[3] The court makes no judgment on the correctness (or applicability) of the argument at this stage because the government has not had the opportunity to present its evidence to the court or to a jury.

must prove it at trial by a preponderance of the evidence (quoting *United States v. Griley*, 814 F.2d 967, 973 (4th Cir. 1987))). But her argument is misplaced for one simple reason: it is premature. At this stage, it is sufficient *only* that the government properly *allege* venue.

In *United States v. Powers*, the Fourth Circuit clarified what is necessary to allege venue in an indictment charging mail and wire fraud. In that case, almost identical to this one, the government alleged in the indictment that the defendant's fraudulent conduct occurred "within the Eastern District of Virginia and elsewhere . . . ." *Powers*, 40 F.4th at 135. The Fourth Circuit held that, on a pretrial challenge to venue, such a simple allegation was sufficient. "Because [the] allegations 'clearly designate the Eastern District of Virginia and elsewhere as the location of [the defendant's] illegal acts,' . . . the district court correctly denied [Powers's] pretrial motion to dismiss the wire fraud counts on venue grounds." *Id.* (quoting *Engle*, 676 F.3d at 416).

The same is true here. For all counts of the Indictment, including the wire fraud counts (Counts Two through Eleven), the government alleged that McPherson's conduct occurred "in the Western District of Virginia and elsewhere . . . ." (Indictment ¶¶ 27, 31, 2.) "[T]he indictment was not required to allege venue with greater specificity." *Powers*, 40 F.4th at 136. Both Counts One and Twelve likewise allege that McPherson's conduct occurred "within the Western District of Virginia and elsewhere," which is sufficient to withstand a pretrial challenge to the government's allegation of venue. *See United States v. Elbaz*, 332 F. Supp. 3d 960, 978–79 (D. Md. 2018) (holding that language in an indictment that a defendant committed acts "'in the District of Maryland and elsewhere' . . . would qualify as an overt act in the District" and thus defeat a pretrial challenge to venue for a charge of conspiracy to commit

wire fraud in violation of 18 U.S.C. § 1349); *United States v. Bankole*, 39 F. App'x 839, 842 (4th Cir. 2002) (per curiam) (noting the "essential conduct element" of the offense of bank fraud, in violation of 18 U.S.C. § 1344).

The error of McPherson's argument is laid bare when compared with the argument the Fourth Circuit rejected in *Powers*. In that case, the Fourth Circuit noted that Powers argued that the indictment was deficient because it did not include "the location from which the mailing or wires were sent or received." *Powers*, 40 F.4th at 136. Similarly, McPherson contends that the Indictment does not allege "who made [certain] transfer[s], where [they] originated, or where [they] were sent." (Br. in Supp. at 8.) But the Fourth Circuit cautioned that such an argument "misses the mark." *Powers*, 40 F.4th at 136. "Venue for mail or wire fraud prosecutions is not limited to the districts where the communication originated and terminated. . . . Prosecution is also proper in the district where the defendant commits an act that 'causes' misuse of the mail or wires, even if the mail deposit or the electric impulses that initiate the wire communication occur elsewhere." *Id.* (citing 18 U.S.C. §§ 1341, 1343). Because 18 U.S.C. § 1343 criminalizes "the misuse of wires *as well as any acts that cause such misuse*," *id.* (quoting *United States v. Jefferson*, 674 F.3d 332, 366 (4th Cir. 2012)), an indictment that alleges that the illegal conduct occurred within the District (like the one lodged against McPherson) is sufficient.

This ruling, however, does nothing to presuppose what the evidence the government will present. It may very well be that McPherson's arguments in her motion will win the day

on a challenge to the *sufficiency of the evidence* presented to the jury to establish venue.[4] But, as noted, her arguments are premature. The government's allegations barely pass the minimums required at this stage, so McPherson's motion to dismiss the Indictment must be denied.

## IV. CONCLUSION

Although the government's allegations offer nothing in the way of indicating what its proof may be at trial, the Indictment sufficiently alleges venue for the crimes the government accuses McPherson of committing. For this reason, her motion to dismiss the Indictment will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 5th day of January, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[4] It is worth noting that the *only* references to the Western District of Virginia in the Indictment are the quoted boiler-plate allegations of venue. Under *Powers*, that is sufficient to defeat this *preliminary* venue challenge. But given the paucity of specific allegations tying the purported fraudulent acts, either directly or indirectly, to the Western District of Virginia, and the defendant's detailed representations that her alleged fraudulent acts have virtually no connection to this district, the court will scrutinize evidence related to this issue at trial.